# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WAYNE D. COOPER, ) | |
| #331763, ) | |
| ) | CIVIL ACTION NO. 9:14-4500-BHH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN STEVENSON, BROAD ) | |
| RIVER CORR. INST., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on October 10, 2014.[1]

The Respondent filed a return and motion for summary judgment on April 6, 2015. As the Petitioner is proceeding pro se, a Roseboro order was filed on April 7, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving extensions of time, Petitioner thereafter filed a response in opposition on July 2, 2015, and a supplement on July

---

[1] Filing date under Houston v. Lack, 487 U.S. 266, 270-276 (1988). The envelope actually shows two (2) dates for receipt of the Petition in the prison mail room, with Petitioner being given filing credit based on the earlier date.



7, 2015.

This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in Sumter County in April 2007 for murder [Indictment No. 07-GS-43-277]. See Court Docket No. 20-1. Petitioner was represented by Assistant Public Defender Arthur Wilder. After a trial by jury on November 10-13, 2008, Petitioner was convicted as charged and sentenced to forty (40) years imprisonment. (R.pp. 802-804, 816).

Petitioner filed a timely appeal and was represented by Joseph L. Savitz III, Senior Appellate Defender with the South Carolina Commission on Indigent Defense. Petitioner raised the following issue in his direct appeal:

> Whether the trial judge committed reversible error by refusing to instruct the jury on self-defense, based on [Petitioner's] statement to the police that he shot the victim only after the victim had thrown a bottle at the automobile in which he was a passenger and had then himself opened fire?

See Court Docket No. 20-4, p. 4.

On December 6, 2011, the South Carolina Court of Appeals denied the appeal in its entirety. See Court Docket No. 20-6. Petitioner did not seek rehearing or certiorari review from the Supreme Court of South Carolina, and the South Carolina Court of Appeals issued the remittitur on December 22, 2011. See Court Docket No. 20-7.

On June 25, 2012, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Cooper v. State of South Carolina, No. 2012-CP-43-1286. See Court Docket

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



No. 20-8. Petitioner alleged ineffective assistance of counsel. See Court Docket Nos. 20-8, p. 4; 20-9, p. 2; 20-11, pp. 2-7. Petitioner was represented in his APCR by David Holler, Esquire, and an evidentiary hearing was held on Petitioner's application on October 1, 2013. See Court Docket No. 20-10. By order dated November 26, 2013, and filed December 9, 2013, the PCR judge denied Petitioner's requested relief in its entirety. See Court Docket No. 20-11. Petitioner did not appeal the order denying relief.[3]

Petitioner then filed this federal Petition. In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

**Ground One:** Actual Innocence.

**Ground Two:** Trial counsel abandoned defense of alibi by not interviewing the lead detective.

**Ground Three:** Illegal Sentence - outside statutory mandates.

**Ground Four:** Ineffective Assistance of PCR Counsel - *Martinez v. Ryan*, 132 S.Ct. 1309.

See Petition, pp. 5-6, 8-9

Additionally, after filing this federal habeas petition on October 10, 2014, Petitioner filed a second application for post-conviction relief ("APCR") in state circuit court on December 8, 2014. Cooper v. State of South Carolina, No. 2014-CP-43-2626. See Court Docket No. 20-14. In this second APCR, Petitioner asserted ineffective assistance of his PCR counsel in his first APCR, specifically alleging that his PCR counsel failed to file his PCR appeal. See Court Docket No. 20-14,

---

[3]Petitioner apparently did file a *pro se* Motion to Alter or Amend Judgment on December 20, 2013. See See Court Docket No. 20-13. However, Respondent states that no action was taken on the motion. See Miller v. State, 697 S.E.2d 527 (S.C. 2010)[Since there is no right to "hybrid representation", a *pro se* motion is "essentially a nullity" when a litigant is represented by counsel.]



p. 2.  Petitioner was represented in his second APCR by Fulton Cornwell, Esquire, and this Court was advised that Petitioner's second state APCR was tentatively scheduled to be heard the week of July 13, 2015.  See Court Docket No. 31, p. 2.  A review of the state court public filings shows that an order was entered in Petitioner's second state court APCR on July 16, 2015, granting Petitioner a belated PCR appeal pursuant to Austin v. State, 409 S.E.2d 395 (S.C. 1991).  See http://publicindex.sccourt.org/Sumter/PublicIndex/CaseDetails (Search under Wayne Darnell Cooper vs. South Carolina, Case Number: 2014-CP-4302626)(last visited July 28, 2015); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) [a federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue].

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court

4



within one (1) year following the exhaustion of his state court remedies.[4]  This limitations period is part of the AEDPA,[5] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A).

Petitioner's conviction became final on December 22, 2011[6], fifteen (15) days after the dismissal of his direct appeal on December 6, 2011,[7] when he did not move for rehearing.  See

---

[4]Although the issue that this Petition is time barred was raised by the Respondent in its motion for summary judgment, Petitioner did not respond to this argument or present any equitable tolling arguments.

[5]Antiterrorism and Effective Death Penalty Act of 1996.

[6]There is no issue about using the later of the date of when Petitioner's conviction became final or the date that the Remittitur was issued, since both occurred on December 22, 2011.  See Court Docket No. 20-7.

[7]Although the Respondent's brief correctly lists the relevant dates in December 2011 in its factual background, there are scrivener errors listing these same dates as occurring in December 2012 (continued...)



SCACR 221(a);[8] see also Gonzales v. Thaler, 132 S.Ct. 641, 656 (2012) [". . . with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . ."].[9]  By the time Petitioner filed his first APCR on June 25, 2012, one hundred and eighty-six (186) days of non-tolled time had passed from when his conviction became final.  The time limitations period was then tolled during the pendency of Petitioner's first APCR.  When Petitioner did not timely perfect an appeal of the dismissal of his first APCR, the dismissal of this APCR became final for limitations purposes, at the latest, on January 8, 2014.[10]  Petitioner then had until July 7, 2014 (365 days - 186 days = 179 days)[11]

---

[7](...continued)
in its section discussing whether Petitioner's habeas is timely filed.  See Court Docket No. 20, pp. 8, 21.

[8]In order to pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing.  See Rule 242(c), SCACR ["A decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."].

[9]Since Petitioner did not seek review of the decision of the Court of Appeals from the South Carolina Supreme Court, he is not entitled to a tolling of the ninety (90) days to seek certiorari review from the United States Supreme Court.  See Pfeil v. Everett, 9 Fed.Appx. 973, 977 (10th Cir. 2001); Reddock v. Ozmit, No. 09-204, 2010 WL 568870 at **3-5 (D.S.C. Feb. 11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10-987, 2010 WL 5691646 (D.S.C. Sept. 7, 2010), adopted by, 2011 WL 380651 (D.S.C. Feb. 3, 2011); Martino v. Cartledge, No. 09-527, 2010 WL 56093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07-1081, 2008 WL 2922860 (D.S.C. July 24, 2008); see also Wise v. South Carolina Dep't of Corrections, 642 S.E.2d 551 (S.C. 2007).

[10]It not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner *could have*, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d)(2), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending*. See 28 U.S.C. § 2244; Ballenger v. Mauney, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner
(continued...)



to timely file his federal habeas petition. However, Petitioner did not file this federal habeas petition until October 10, 2014, by which time two hundred and seventy-five (275) days of additional non-tolled time had accrued since the final disposition of his first APCR.

When the pre-PCR time period (186 days) and the post-PCR time period prior to Petitioner's filing of his federal habeas petition (275 days) are added, four hundred and sixty (461) days of non-tolled time passed from when Petitioner's period of limitations started to run on December 22, 2011, and the filing of this federal petition, well outside of the one (1) year federal statute of limitations. Hence, Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris v. Hutchinson, 209 F.3d 325, 327–328 (4th Cir. 2000).

While Petitioner may contend that the filing of his second APCR affects his limitations period, by the time Petitioner filed his second APCR on December 8, 2014, which was itself after his

---

[10](...continued)
actually pursues an appeal. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. Gibson v. Klinger, 232 F.3d 799, 803-804 (10$_{th}$ Cir. 2000)["[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."]. In that event, the time to file an appeal in Petitioner's state APCR was thirty (30) days. Rule 203(b)(1), SCACR. Since, even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given Petitioner the benefit of tolling the statute for this thirty (30) day period (the order of dismissal was filed on December 8, 2014, and Petitioner had thirty (30) days after that date, until January 8, 2014, to file his appeal).

[11]Since the 179th day fell on a Sunday, July 6th, Petitioner had until the following Monday, July 7th to timely file his federal habeas petition.



9:14-cv-04500-BHH     Date Filed 07/30/15    Entry Number 39    Page 8 of 11

federal habeas petition had already been filed on October 10, 2014, the time for him to file his federal habeas petition had already expired. Further, although Petitioner was granted a belated Austin appeal of the dismissal of his first APCR as a result of this second APCR; see http://publicindex.sccourt.org/Sumter/PublicIndex/CaseDetails (Search under Wayne Darnell Cooper vs. South Carolina, Case Number: 2014-CP-4302626)(last visited July 28, 2015); the granting of a belated appeal does not make Petitioner's current petition timely filed. In Jimenez v. Quarterman, 555 U.S. 113, 115-121 (2009), the Supreme Court held that when a state court grants a criminal defendant the right to file an out-of-time *direct appeal* during state collateral review, before the defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a *state PCR action,* which is what has occurred here, does not retroactively toll the statute back to the filing date of the original APCR. See Streu v. Dormine, 557 F.3d 960, 966 (8th Cir. 2009)[application is *not* considered pending between the expiration of time to appeal state post-conviction or other collateral relief order and the filing of a petition for a belated appeal]; Moore v. Crosby, 321 F.3d 1377, 1381 (11$_{th}$ Cir. 2003)[holding a motion seeking a belated appeal in Florida state court did not revive an expired AEDPA]; Melancon v. Kaylo, 259 F.3d 401, 407 (5$_{th}$ Cir. 2001)[holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision]; Gibson v. Klinger, 232 F.3d 799, 804-808 (10th Cir. 2000)[concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court]; Fernandez v. Sternes, 227 F.3d 977, 981 (7$_{th}$ Cir. 2000)[holding that while a state process may be reviewed after the time

8



to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim."]; Small v. Norris, No. 08-273, 2009 WL 1529463 at *2 (E.D.Ark. June 1, 2009)[Time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244]; McMillan v. Secretary of Dep't of Corrections, 257 Fed.Appx. 249 at * 1 (11th Cir. 2007)[Time period was not tolled during the time period between the conclusion of Petitioner's PCR action and the filing of Petitioner's second PCR action even though Petitioner was granted a belated PCR appeal]; Coulter v. Kelly, No. 01-1125 , 2015 WL 1470076 at **8-10 (W.D.Ark. Mar. 31, 2015)[same]; Drew v. Superintendent, MCI - Shirley, 607 F.Supp.2d 277, 282-283 (D.Mass. Apr. 10, 2009)[same]. Cf. Allen v. Mitchell, 276 F.3d 183, 186 (4th Cir. 2001)[agreeing with the Fifth, Seventh, and Tenth Circuits that "nothing" is 'pending' for purposes of § 2244(d)(2) when the time for seeking review [on a particular petition for state habeas relief] has elapsed and there is no application under consideration by the state court."]; Baxley v. McCall, No. 13-2198, 2014 WL 3687427 at ** 2, 10 n. 6 (D.S.C. July 23, 2014)[noting that counsel's failure to file for a belated appeal would not have prevented the petition from being untimely, because the filing of a motion for a belated appeal of a state PCR action does not retroactively toll the statute back to the filing of the original PCR].

Accordingly, Petitioner is not entitled to a tolling of the federal habeas filing period during the time period in which he had no petition pending after the dismissal of his first APCR. As such, Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328.



**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 30, 2015
Charleston, South Carolina



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

