IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wayne D. Cooper, #331763, ) | Civil Action No.: 9:14-4500-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Robert Stevenson, Broad River Corr. Inst., ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Wayne D. Cooper, ("Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling and a Report and Recommendation ("Report'). Judge Marchant recommends that Respondent's motion for summary judgment be granted and Petitioner's § 2254 petition be dismissed *with prejudice*. (ECF No. 39.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

Petitioner filed this action against Respondent on October 10, 2014,[1] alleging, *inter alia*, ineffective assistance of counsel. On July 30, 2015, the Magistrate Judge issued a Report; and on August 19, 2015, Petitioner filed his Objections (ECF No. 42).

---

[1] This filing date reflects that the envelope containing the petition shows two dates for receipt of the petition by the BRCI (Broad River Correctional Institution) mailroom. (ECF No.1-2.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court). Petitioner has been given filing credit based on the earlier date, October 10, 2014.

On August 24, 2015, Petitioner filed a Motion to Stay "pending the exhaustion of his state remedies." (ECF No. 44 at 1.) The Court has reviewed the objections, but finds them to be without merit. The Court further finds that Petitioner's Motion to Stay is moot. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The Magistrate Judge found that each of the grounds raised in the petition are procedurally barred and the Court agrees. The Magistrate Judge provided a detailed procedural history of Petitioner's first and second appeals for post-conviction relief

("PCR") and explained how the tolled and non-tolled time was calculated under the requisite statute of limitations. He ultimately found that Petitioner failed to file his § 2254 petition in federal court within the one year statute of limitations following the exhaustion of his state court remedies. (ECF No. 39 at 4–5.)

Here, Petitioner objects to the Magistrate Judge's calculation of non-tolled time, arguing that his *pro se* Rule 59(e) Motion in his first PCR action tolled the statute of limitations. (ECF No. 42 at 3.) Petitioner filed the *pro se* Rule 59(e) Motion on December 20, 2013. (ECF No. 20-13.) However, Petitioner was represented by counsel at that time and, as noted by the Magistrate Judge, a *pro se* motion is "essentially a nullity" when a litigant is represented by counsel. (ECF No. 39 at 3 n.3 (citing *Miller v. State*, 697 S.E.2d 527 (S.C. 2010)). Accordingly, the *pro se* motion was not timely filed and therefore did not toll the statute of limitations for any period of time. Petitioner's objection is therefore overruled.

Moreover, Petitioner has demonstrated neither cause, prejudice, nor a fundamental miscarriage of justice to overcome the procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 749–750 (1991). Therefore, the Court is unable to review the petition under § 2254.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report herein. The Court further denies Petitioner's Motion to Stay (CEF No. 44), as the motion is now MOOT. It is therefore ORDERED that Respondent's motion for summary

judgment (ECF No. 21) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 11, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.